FANNIE G. LATHROP, PLAINTIFF IN ERROR, v. THE MAYOR AND BOARD OF ALDERMEN· OF MORRISTOWN ET AL., DEFENDANTS IN ERROR.

Argued November 26, 1901—Decided March 3, 1902.

1. A municipality was empowered by a supplement to its charter "to run, mark, lay out and designate the lines and courses of those streets within its borders, the lines of which were uncertain." Under the authority of this charter provision it passed an ordinance appointing commissioners to lay out and designate the lines of F. street. An abutting owner upon said street attacked the validity of the ordinance on the ground that the street was not a public highway at the time of the passage of the supplement. *Held*, that in the absence of proof of this fact the ordinance should be sustained, the burden being on the abutting owner to prove the truth of her allegation.

2. The supplement required the commissioners, after running and laying out the lines of such streets, to make a map and profile thereof, and provided that the map and profile should be "*full* evidence of the street and of its lines and courses." *Held*, that, by the true construction of this provision, the commissioners' map and profile are made *prima facie* evidence of the lines and courses of the street.

On error to the Supreme Court. The opinion of that court is reported in 36 *Vroom* 467.

For the plaintiff in error, *Charles C. Black.*

For the defendants in error, *Willard W. Cutler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The judgment under review affirms the validity of an ordinance passed by the mayor and board of aldermen of Morristown, on January 5th, 1900, appointing commissioners "to run, mark, lay out and designate the courses and lines of Franklin street, from its intersection with Franklin place to its intersection with Madison avenue." It is expressly declared, in the body of the ordinance, that it is adopted in pursuance of the power conferred upon the mayor and aldermen by the seventh section of the supplement to the town charter, passed March 15th, 1866. *Pamph. L., p.* 427. The legislative provision referred to reads as follows: "Be it enacted that, whereas there are several roads, highways and streets within the said town of Morristown, the lines of which have not been and cannot be certainly ascertained by reason of the indefinite survey, plots and maps thereof; for the better fixing upon and settling the lines and courses of said streets, roads and highways the common council of said town shall and may appoint, from time to time, four disinterested freeholders residing in said town as commissioners, who, together with the town surveyor for the time being, shall constitute a commission to run, mark, lay out and designate the lines and courses of any such street, road or highway, as are not and have not been ascertained and clearly designated, which said commission shall have full power and authority to run, mark, lay out and designate the lines and courses of any such street, road or highway within said town, and shall make a full and clear map and profile of said street, road or highway, or such part thereof as they shall run, mark and lay out, designating by some notable and permanent marks or monuments the beginnings and endings of said street or part thereof as aforesaid, which said map or profile, certified under the hands of said commissioners and surveyor, or a majority of them, shall be recorded in a book of the town clerk to be provided for that purpose, which said record or original map or profile so filed as aforesaid shall be full evidence of the street, road or highway or part thereof as the case may be, and of its lines and courses."

Two objections to the validity of the ordinance are made by the plaintiff in error. The first is that the charter provision, in terms, relates only to streets, roads or highways within the town which were in existence at the time of the passage of the enactment, and that the portion of Franklin street designated in the ordinance did not become a public highway until after that time.

The Supreme Court did not decide the question of fact raised by this objection, but affirmed the ordinance as a valid exercise of the power conferred upon the municipality by the fourth section of the supplement to its charter, "to prevent and remove encroachments, obstructions and encumbrances in and upon all streets," considering that, in this express power, is necessarily implied authority to ascertain, so far as can be done without a judicial trial, the courses and lines of municipal streets.

It is urged before us that this view is erroneous, for the reason that the ordinance does not profess to have been adopted under the power conferred by section 4, but expressly declares that it rests upon the power conferred by section 7.

Assuming this objection to be sound, it cannot avail to bring about a reversal of the judgment. The plaintiff in error, having rested her objection to the action of the municipality upon the ground that the portion of Franklin street described in the ordinance was not one of the streets embraced in section 7 of the supplement because not in existence at the time of its passage, assumed the burden of proving the truth of her charge, and this she has failed to do. The evidence submitted is most meagre, but the conclusion to be drawn from it is more in favor of than against the existence of this portion of the street as early as March 15th, 1866.

The other objection urged before us is directed against that part of the statute which makes the record or the map or profile to be filed by the commissioners, "full evidence" of the street and of its lines and courses. It is insisted that the effect of this provision is to deprive abutting owners of the right to have the boundaries of their property determined by a properly-constituted judicial tribunal, by making the action

of the commissioners conclusive as to the true location of street lines. We do not so construe this legislation. The legislature plainly did not intend by this provision to foreclose abutting owners of their right to appeal to the ordinary legal tribunals to have there determined disputes with the town relating to property lines. Had such been the purpose, the commission would have been constituted a special tribunal to hear and determine such controversies. No such power has been bestowed upon it. On the contrary, the provision that the record, or the map or profile filed by the commissioners shall be evidence, seems to contemplate the subsequent use thereof upon a trial between the municipality and the abutting owner involving the matters embraced therein; and the word "full," in the connection in which it is used, merely denotes that upon such trial the record, or the map or profile, shall be sufficient *prima facie* evidence to substantiate the claim of the municipality as to location, leaving the abutting owner to overcome by proper proofs the presumption of truth given to the record, or the map or profile, by the statute.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. · 12.

*For reversal*—None.